IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-HC-2195-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| GRAYDON EARL COMSTOCK, JR., | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's 16 November 2011 motion for evidentiary hearing on conditions of confinement and to dismiss this proceeding as unconstitutional (DE # 126). Also before the court is respondent's 17 November 2011 motion to dismiss (DE # 127). The government has not filed a response to either motion, and the responses would not be due until 7 and 8 December 2011. However, because respondent's case is set for a hearing on the merits on 28 November 2011, the court will proceed to rule on the motions without the government's responses.

In this action, the government seeks to commit respondent as a sexually dangerous person pursuant to 18 U.S.C. § 4248 ("§ 4248"). In his 16 November 2011 motion, respondent asks this court to hold an evidentiary hearing scrutinizing § 4248 detainee confinement conditions and to dismiss the "nominally civil commitment action" lodged against him under § 4248. (Mot., DE # 126, at 1.) Respondent alleges that as a civil detainee held pursuant to § 4248, he is entitled to conditions of confinement that are more favorable than those afforded general population inmates. However, respondent maintains that his confinement is "wholly

devoid" of "beneficent confinement conditions."[1]  (Id. at 5; see also id. at 6.)  As a result, respondent contends that the operation of § 4248, as applied to him, constitutes criminal punishment that violates the Double Jeopardy Clause, the Ex Post Facto Clause, the Eighth Amendment prohibition against cruel and unusual punishment, and the jury trial right contained in the Sixth Amendment.  He asks that the court dismiss the § 4248 action against him and release him as the remedy for having unconstitutional punishment imposed upon him.

Respondent's argument is based in large part on his contention that § 4248 "constitutes criminal and not civil proceedings."  (Id. at 3; see also id. at 4.)  This argument lacks a valid legal foundation.  The Fourth Circuit Court of Appeals has made it clear that § 4248 is a civil commitment statute.  See United States v. Broncheau, 645 F.3d, 676, 689 (4th Cir. 2010) (unnumbered footnote) (Wynn, J., concurring); United States v. Comstock, 627 F.3d 513, 520 (4th Cir. 2010) ("[T]he purpose and structure of the commitment process render it unlike any criminal prosecution."), cert. denied, 131 S. Ct. 3026 (2011).  Once a statute has been "found to be civil, [it] cannot be deemed punitive 'as applied' to a single individual in violation of the Double Jeopardy and Ex Post Facto Clauses and provide cause for release."  Seling v. Young, 531 U.S. 250, 267 (2001).[2]

"Moreover, release from confinement is not a remedy available for an Eighth

---

[1] The court does not find it necessary to set forth every allegation made by respondent with respect to the conditions of his confinement.  In part, respondent alleges that he "is confined in a manner in which he regularly interacts with inmates in the general prison population, including working beside them in a prison industry and sharing the use of various common areas."  (Mot., DE # 126, at 2.)  He also alleges that his "visitation, telephone, commissary, and recreation privileges are limited in a substantially similar way as those conferred upon inmates in the general prison population" and that he "is subjected to the same searches, including strip down and visual bodily cavity searches following visitation, as inmates in the general prison population."  (Id.)

[2] In addition, "[s]everal courts . . . have concluded that due process does not provide a constitutional right to a trial by jury in a civil commitment proceeding."  United States v. Shields, 522 F. Supp. 2d 317, 338 (D. Mass. 2007).

2

Amendment conditions of confinement claim." Hunt v. Johns, No. 5:10-HC-2176-FL, 2011 WL 3664553, at *2 (E.D.N.C. Aug. 18, 2011) (and cases cited therein); see also Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) (in a habeas corpus context, court held that "relief of an Eighth Amendment violation does not include release from confinement"). Rather, a person challenging the conditions of his confinement may seek monetary or injunctive relief pursuant to either 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See, e.g., Hunt, 2011 WL 3664553, at *2; Nelson v. Campbell, 541 U.S. 637, 643 (2004). Therefore, respondent has not asserted a valid basis for his release, and his motion for an evidentiary hearing and for dismissal will be denied.

Turning to the 17 November 2011 motion to dismiss, respondent asserts that this § 4248 proceeding should be dismissed because he has been deprived of equal protection of the law. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (internal quotation marks omitted).[3] Ordinarily, when a statute is challenged under the Equal Protection Clause, the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute at issue is rationally related to a legitimate governmental interest. Id. at 440; Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002). However, a statute that implicates a fundamental right or a suspect class triggers the more demanding "strict scrutiny" test and will be sustained only if it is

---

[3] If a classification would violate the Equal Protection Clause of the Fourteenth Amendment, then it also violates the Fifth Amendment's Due Process Clause as a matter of law. See Johnson v. Robison, 415 U.S. 361, 364 n.4 (1974).

3

narrowly tailored to serve a compelling government interest.  City of Cleburne, 473 U.S. at 440.

The United States Supreme Court has not squarely addressed the level of scrutiny that should be applied in cases involving challenges to civil commitment statutes.  See Hubbart v. Knapp, 379 F.3d 773, 781 (9th Cir. 2004).  Respondent argues that strict scrutiny must be applied to an unequal classification in a law that restricts liberty.  (See Mot., DE # 127, at 1 n.2.)  However, several lower federal courts have discussed this issue in the context of challenges to § 4248 and have concluded that the rational basis standard of review applies.  See United States v. Coho, No. 09-CV-754-WJ, 2009 WL 3156739, at *7 (D.N.M. Sept. 18, 2009); United States v. Shields, 522 F. Supp. 2d 317, 340 (D. Mass. 2007); United States v. Carta, 503 F. Supp. 2d 405, 408 (D. Mass. 2007), aff'd, 592 F.3d 34, 44 (1st Cir. 2010).  The court adopts the reasoning of these decisions and finds that the rational basis standard of review should be applied to this case.

Respondent asserts that even if the rational basis standard applies, § 4248 violates his right to equal protection because the statute bears no rational relationship to the government's goal of protecting the public from sexually dangerous persons.  Essentially, respondent is arguing that all federal prisoners are impermissibly singled out by the statute for possible commitment, regardless of whether or not they have records of sexually violent conduct.  He argues that the government cannot use one's status as a prisoner to control whether or not the person may be subject to a civil commitment hearing.  The equal protection argument builds on Baxstrom v. Herold, 383 U.S. 107 (1966), where the Supreme Court disallowed a state commitment statute that made it easier to commit based on mental illness those already in prison than counterpart state residents not so imprisoned.  Id. at 110-11.

Here, respondent's argument fails because "sexually dangerous persons in the custody of

4

the federal government are not similarly situated to sexually dangerous persons not charged with a federal crime or serving a federal sentence." Shields, 522 F. Supp. 2d at 341; see also Coho, 2009 WL 3156739, at *7; Carta, 503 F. Supp. 2d at 408, aff'd, 592 F.3d at 44. As the First Circuit Court of Appeals has explained in distinguishing Baxtrom:

> [A] state, unlike Congress, has a general police power, whereas the federal government's interest and responsibility here stem from the fact that it already has custody of the prisoner. . . . There is no corresponding group of unimprisoned persons subject to its police power, so with respect to the operation of section 4248, federal prisoners and unimprisoned persons are not similarly situated. See Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982). Thus, far from being irrational, it is inevitable that the federal government limits the reach of section 4248 to individuals already in its custody.

Carta, 592 F.3d at 44 (emphasis in original) (internal citation omitted). Accordingly, the court concludes that respondent's contentions are without merit.

Based on the foregoing, respondent's motion for evidentiary hearing on conditions of confinement and to dismiss (DE # 126) and respondent's motion to dismiss (DE # 127) are DENIED.

This 21 November 2011.

 W. Earl Britt
Senior U.S. District Judge