IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-HC-2195-BR-JG

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GRAYDON EARL COMSTOCK, JR., | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on the government's motion in limine (D.E. 128) to exclude the testimony of a proposed witness for respondent, Mary Comstock. She is listed in the final pre-trial order as respondent's sister, and the subject of her proposed testimony is family support for respondent and the assistance she will provide him if he is released. (Final Pre-Trial Order (D.E. 136) 10). Respondent has filed a memorandum in opposition (D.E. 132).

The government bases its motion on the alleged irrelevance of Mary Comstock's proposed testimony. But the two psychologists whom it has identified as its expert witnesses at the commitment hearing, Amy Phenix, Ph.D. and M. Lela Demby, Ph.D., have both considered information relating to the support available to respondent in the community and from his sister in particular, as evidenced by reports by the two psychologists the government has listed as hearing exhibits. (Demby Rept. (D.E. 72-1) 23 (Bates # 1936) ("Mr. Comstock has no stable intimate relationship that could provide support upon release."), 25 (Bates # 1938) ("Mr. Comstock's plans for discharge and reintegration into the community are unknown at this time. He has previously stated that he had the emotional and financial support of his sister."); Phenix Supp. Rept. (D.E. 115-1) 4 (Bates # 2710) (describing respondent's sister and his relationship with her). The court

therefore cannot conclude, as the government urges, that the testimony of Mary Comstock will necessarily be irrelevant. Its motion is accordingly DENIED.

In light of this disposition, the court declines to address the other contentions of the parties relating to the government's motion. Further, this disposition, including the underlying analysis, is necessarily based on the record as it currently stands, and, therefore, is subject to further development of the record in proceedings before and during the commitment hearing, and the authority of the presiding District Judge over such proceedings.

SO ORDERED, this 28th day of November 2011.

James E. Gates
United States Magistrate Judge