IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-HC-2195-BR-JG

UNITED STATES OF AMERICA,       )
                                )
        Petitioner,             )
                                )
    v.                          )       **ORDER**
                                )
GRAYDON EARL COMSTOCK, JR.,     )
                                )
        Respondent.             )

This case comes before the court on respondent's motion in limine (D.E. 131) to exclude respondent's statements made while participating in the Kansas Sexual Abuse Treatment Program ("SATP") or to his treating psychotherapists, and to exclude expert evidence relying on these statements. Respondent contends that the statements are protected by the federal common law psychotherapist-patient privilege, recognized by the Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). Respondent further contends that disclosure of the statements violates the Privacy Act, 5 U.S.C. § 552a. The government has responded in opposition (D.E. 135). The court will address each ground for the motion–federal common law privilege and Privacy Act–in turn.

The court finds that respondent has waived any privilege he may have had with respect to these statements because he disclosed the information without objection to a court-appointed examiner, namely, Terence W. Campbell, Ph.D. Dr. Campbell had been appointed by the court on respondent's motion as an additional mental health examiner selected by respondent, pursuant to 18 U.S.C. §§ 4247(b) and 4248(b). (*See* D.E. 86, 87). In his report, Dr. Campbell indicates he reviewed "Records of Mr. Comstock's participation in the Sex Offender Treatment Program (SOTP) [*sic*] of the Kansas Department of Correction." (Campbell Rept. (D.E. 88) 4 § I.A.2). Dr. Campbell's report

indicates that he also reviewed the other psychological records relating to respondent the government has listed as exhibits in the final pre-trial order, except for the supplemental report of a psychologist the government has identified as a witness, Amy Phenix, Ph.D. (D.E. 115-1; Final Pre-trial Order (D.E. 136) 5, Gov.'s Ex. 28). (*See* Campbell Rept. (D.E. 88) 4 § I.A.1; Final Pre-trial Order (D.E. 136) 3-5, Gov.'s Exs. 2, 4, 9-13, 21). By disclosing this information to Dr. Campbell, respondent could not reasonably expect that it would thereafter remain confidential. Because such waiver is fatal to the privilege ground for respondent's motion, the court declines to address the remaining contentions of the parties regarding privilege, including the extent to which, if any, the psychotherapist-patient privilege applied prior to the disclosure to Dr. Campbell.

Respondent's contention that the government's disclosure of this information violates the Privacy Act is also unfounded. The government's inclusion of this information in its initial disclosures was required by paragraph 4(a)(ii) of Standing Order 10-SO-01. Therefore, the disclosure was permissible under the exception allowing disclosure pursuant to a court order, 5 U.S.C. § 552a(b)(11). Because respondent provided this information to Dr. Campbell, he cannot now contend that the Privacy Act requires the information to be excluded from the commitment hearing. The Privacy Act is not a rule of evidence, but rather provides a right of action for an individual to seek damages and other remedies for violations of its provisions. *See* 5 U.S.C. § 552a(g). Accordingly, respondent's argument for exclusion on the basis of the Privacy Act is without merit.

For the foregoing reasons, IT IS ORDERED that the defendant's motion in limine (D.E. 131) is DENIED WITHOUT PREJUDICE. This ruling, including the underlying analysis, is necessarily based on the record as it currently stands, and, therefore, is subject to further

2

development of the record in proceedings before and during trial, and the authority of the presiding District Judge over such proceedings.

SO ORDERED, this 28th day of November 2011.

James E. Gates
United States Magistrate Judge

3