IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-HC-2195-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GRAYDON EARL COMSTOCK, JR., | ) | |
| | ) | |
| Respondent. | ) | |

On 30 November 2011, the court entered judgment in this case (D.E. 144) after a two-day evidentiary hearing finding that the government failed to establish that respondent meets the criteria for commitment as a sexually dangerous person under 18 U.S.C. § 4248 and releasing him from custody. The case is now before the court on the motion (D.E. 151) by the government, filed 2 March 2012, for permission to produce treatment files, medical records, psychological evaluations, disciplinary records, and other related information concerning respondent within the system of records of the Federal Bureau of Prisons ("BOP") to the appropriate United States Probation Office for the purpose of coordinating psychological, psychiatric, and other mental health treatment of respondent during the three-year term of supervised release to which he was sentenced by the District of Kansas in 2001 for his convictions on child pornography charges. (*See* Am. Judg. (D.E. 29), *United States v. Graydon Earl Comstock*, No. 6:00-CR-10044-JTM (D. Kan. 15 Feb. 2001)). The government did not file a memorandum in support of the motion. Respondent filed a memorandum in opposition (D.E. 152). For the reasons that follow, the motion will be allowed.

Respondent does not identify a specific privilege or right upon which he bases his opposition to production of the records sought. Rather, he opposes the requested production, in part, on the grounds that "[t]he records in question should not be used in connection with any proceeding save

that for which they were produced." (Resp.'s Mem. ¶ 3). The general rule, however, is that information produced in discovery in a civil case may be used in other cases. *See, e.g., Frees, Inc. v. McMillian*, No. 05-1979, 2007 WL 184889, at *4 (W.D. La. 22 Jan. 2007) (mag. judge order) ("'[U]nless it can be shown that the discovering party is exploiting the instate litigation solely to assist litigation in a foreign forum, federal courts allow full use of the information in other forums.'" (quoting *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 154 (W.D. Tex. 1980)), *aff'd*, 2007 WL 1308388 (W.D. La. 1 May 2007); *Trans Pacific Insurance Co. v. Trans-Pacific Insurance Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991) ("Although discovery may not be undertaken solely for the purpose of obtaining information for use in another proceeding, the parties may make any lawful use of information rightfully gathered during discovery."); *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405, 410 (N.D.N.Y. 1973) ("[U]nless it can be shown that the discovering party is exploiting the instant litigation solely to assist in other litigation before a foreign forum, federal courts do allow full use of the information in other forums."). Thus, the fact that the records sought were produced in this case does not itself limit their use to this case.

Respondent also argues that the government seeks production of the records "so that the probation office can increase Mr. Comstock's release conditions to include, among other things, polygraph tests." (Resp.'s Mem. ¶ 4). But on 14 December 2011, within days after respondent's term of supervised release began and with respondent's consent, the District of Kansas added several sex-offense-related requirements to the terms of his supervised release. (*See* Order Modifying Conditions of Supervision (D.E. 35) ¶¶ 1-4, *Comstock* (D. Kan. 14 Dec. 2011). They include the requirement that respondent "participate in sex offender treatment under the guidance and supervision of the probation officer and abide by the rules, requirements, and conditions of the

treatment program, *including submitting to polygraph testing* to aid in the treatment and supervision process." (*Id.* ¶ 2) (emphasis added)).

Respondent also contends that the records would be of no use to the Probation Office supervising him because there has been no new deviant sexual conduct by him. (Resp.'s Mem. ¶ 5). The court is unconvinced by these conclusory contentions. The records at issue include psychological evaluations of respondent based on relatively recent interviews of him (D.E. 88, 115), other psychological and psychiatric evaluations of him (D.E. 72, 78, 92), and other information that would appear to be helpful in coordinating respondent's treatment (*see generally* D.E. 143 (list of hearing exhibits)). The public—and respondent—have a strong interest in his treatment being as effective as possible. This consideration weighs strongly in favor of production. If the records do prove useless, the resources wasted will be the government's, not respondent's.

Respondent argues, again without citation to any authorities, that the request for the records should come from the United States Attorney's Office or United States Probation Office in Kansas, "the district where he is serving his term of supervision." (Resp.'s Mem. ¶ 7). According to the Order Modifying Conditions of Supervision, respondent is actually being supervised in the Eastern District of Arkansas, although the District of Kansas retains jurisdiction. (*See* Order Modifying Conditions of Supervision 2). In any event, the court sees nothing improper with counsel for the government in this district seeking production of the records in question. The request is being made on behalf of the United States. Efficiency is promoted by having its counsel in this district litigate the request, rather than requiring its counsel from another district do so. This court is undoubtedly a proper forum for the request because the records were produced in litigation here.

The court recognizes that respondent was compelled to submit to an evaluation by a psychologist selected by the government (*see* D.E. 110) and that he was called by the government as a witness at the commitment hearing over his objection (Trial Tr. (D.E. 146) 156:24 to 158:2 (28 Nov. 2011)). For this reason, among others, the court is allowing production solely for the requested purpose of coordinating respondent's psychological, psychiatric, and other mental health treatment during his supervised release. His compelled answers may not be used in any subsequent criminal case. *See Allen v. Illinois*, 478 U.S. 364, 374 (1986).

IT IS THEREFORE ORDERED that the government's motion (D.E. 151) is ALLOWED. The United States Attorney's Office in this district may produce treatment files, medical records, psychological evaluations, disciplinary records, and other related information concerning respondent within the BOP's system of records to the appropriate United States Probation Office for the sole purpose of coordinating the psychological, psychiatric, and other mental health treatment of respondent during the term of supervised release imposed by the District of Kansas in its case no. 6:00-CR-10044-JTM. Any documents marked as "Attorney's Eyes Only" pursuant to paragraph 4(h)(iii) of this court's Standing Order re Procedures for Commitments under 18 U.S.C. § 4248, no. 10-SO-01 (E.D.N.C. 4 Aug. 2010) shall remain subject to the provisions thereof and shall not be shown to respondent without the consent of opposing counsel or an order of this court.

This 3rd day of April 2012.

James E. Gates
United States Magistrate Judge